UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL AKOUT AYUEN,

Petitioner,

v.

MATTHEW PUTRA,

Respondent.

Case No. 1:26-cv-3066

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the lawfulness of his current detention, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering

[1] In addition to filing his petition for a writ of habeas corpus, Petitioner filed a motion to appoint counsel. (ECF No. 3.) There is no constitutional right to appointed counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)); *see* 18 U.S.C. § 3006A(a)(2)(B) (indicating that a federal court has the discretion to appoint counsel in a habeas proceeding where "the interests of justice so require"). As set forth herein, the Court will grant Petitioner's § 2241 petition, and the Court finds no basis for the appointment of counsel to assist Petitioner in this matter at this time. Therefore, Petitioner's motion to appoint counsel (ECF No. 3) is denied.

Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on October 30, 2026, the Court directed Respondents to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed a response on November 12, 2026. (ECF No. 9.)

**II. Relevant Factual Background**

Petitioner is a native and citizen of Sudan. Op., *Ayuen v. Putra* (*Ayuen I*), 1:26-cv-2365, (W.D. Mich. Sept. 8, 2026), (ECF No. 8). Petitioner was admitted to the United States on December 18, 2000, as a refugee and has remained in the United States since that time. *Id*. On February 26, 2003, Petitioner adjusted his status to become a lawful permanent resident. *Id*. On January 8, 2008, Petitioner was convicted of assault and battery. *Id*.

On April 30, 2008, an immigration judge ordered Petitioner removed but granted withholding of removal to Sudan pursuant to the Convention Against Torture. *Id*. On May 2, 2008, Petitioner was released from ICE custody pursuant to an order of supervision. *Id*. On February 12, 2026, Petitioner was arrested by ICE. (Pet., ECF No. 1, PageID.4.)

On August 18, 2026, Petitioner filed a petition for a writ of habeas corpus in *Ayuen I*, 1:26-cv-2365 (W.D. Mich.), (ECF No. 1). On September 8, 2026, the Court denied the petition without prejudice, finding Petitioner's removal was reasonably foreseeable at that time. Op. & J., *id*., (W.D. Mich. Sept. 8, 2026), (ECF Nos. 8, 9).

Petitioner filed the instant petition for a writ of habeas corpus on October 26, 2026. (Pet., ECF No. 1.)

**III. Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. (*See* Pet., ECF No. 1, PageID.6; Resp., ECF No. 9, PageID.29.[2]) As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See id.* at 701. Following that six-month period, "once [a noncitizen] provides good reason

---

[2] Respondents' brief states: "Respondents rely on the response brief submitted in *Ayuen I* (ECF No. 6). Respondents continue to work on removing Petitioner to a third country, and while there have been no significant updates in the sixty-five days since the Court's prior opinion, the Respondents respectfully request that the Court dismiss this petition for the same reasons it did in *Ayuen I*."

to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, Petitioner's removal order became final on April 30, 2008. Petitioner was arrested by ICE on February 12, 2026, and when Petitioner initiated this action on October 26, 2026, Petitioner had been in custody for over six months. (Pet., ECF No. 1, PageID.4, 6.) Petitioner argues that his detention is unlawful under *Zadvydas* and violates the Fifth Amendment's Due Process Clause. (*Id.*; ECF No. 1-1, PageID.15.) Petitioner asserts that there is good reason to believe that no significant likelihood of removal exists because Petitioner has "complied and cooperated with DHS-ICE to effectuate [his] deportation to South Sudan, but unfortunately [Petitioner's] country and others won't take [him] back." (Pet., ECF No. 1, PageID.6.)

In response, Respondents acknowledge that there has been "no significant updates in the sixty-five days since the Court's prior opinion," but assert that Petitioner's detention under § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas* because ICE is "in the process of arranging travel documents to a third country," and is actively working to remove Petitioner. (Resp., ECF No. 6, PageID.47.)

Nothing submitted by Respondents suggests that they have identified a country willing to accept Petitioner. Under these circumstances, the Court finds that Petitioner has provided a good reason to believe that no significant likelihood of removal exists in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. It has been approximately nine months since ICE ERO began "tracking this case as a third country removal." Wynns Decl., *Ayuen I*, 1:26-cv-2365, (W. D. Mich. Aug. 28, 2026), (ECF No. 6-1, PageID.53.) Respondents have not received an update from ICE ERO since the Court's opinion and judgment in *Ayuen I*. Based on the information presently before the Court, the Court finds Respondents have failed to respond with sufficient

evidence to rebut Petitioner's showing that there is a "good reason to believe" that Petitioner will not be removed in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court, therefore, will grant Petitioner's § 2241 petition.

## Conclusion

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject to any conditions of release that existed in Petitioner's prior order of supervision, within five days of the date of this opinion and corresponding judgment. The Court will also order Respondents to file a status report within six days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment.

Dated: November 20, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge